FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 MAY -1 PM 2:32

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

MAY 0 1 1997

| | |
|---|---|
| EUGENE McWILLIAMS; GLORIA T. McWILLIAMS, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CIVIL ACTION NO. 95-G-0586-S |
| AMERICAN MEDICAL INTERNATIONAL, INC., ) ) ) | |
| Defendant. ) | |

MEMORANDUM OPINION

Arguments at the May 1, 1997, hearing on the merits of the motion of defendant American Medical International, Inc. [hereinafter AMI] to suspend the injunction entered by the court on March 18, 1997, pending appeal, centered around the inequities of granting or denying the motion. In approaching this question Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2904 states the following:

> A stay will be granted if the balance of equities favors this action and when the moving party can demonstrate a substantial likelihood of success on the merits upon appeal. Because the burden of meeting this standard is a heavy one, more commonly stay requests will not meet this standard and will be denied.

The defendant has made no showing that it will likely succeed on the merits at the appeal stage, let alone a substantial likelihood of doing so. A balance of the equities

55

favors the plaintiffs who have suffered great emotional distress at the hands of the defendant, the subject of said distress having been covered by the March 18, 1997, memorandum opinion on page 11 when the court said the following:

> Since the expiration of McWilliams' COBRA coverage on February 28, 1995, all of their medical payments have been made out-of-pocket on the front end by plaintiffs who are beleaguered with constant worry and anxiety because they have no health care coverage and know they could lose everything with the occurrence of another catastrophic illness.

The court's intended purpose in entering the injunction was to relieve the McWilliams' emotional distress.  To grant the stay would neutralize the purpose of the order and renew their anguish.  The defendant's argument that with a yearly income of approximately $100,000.00 Mr. McWilliams is able to financially care for the needed medical expenses of his family is without merit.  Trial testimony has shown it is difficult to secure medical treatment from many providers without evidence of private insurance or Medicare coverage.  Furthermore, Mr. Williams' income would be of little import in the event of a catastrophic illness, the costs of which could far exceed his income.

While the plaintiffs would suffer greatly were the stay granted, the defendant has failed to show it will suffer irreparable injury absent a stay.  AMI has a self-insured health plan for its employees, the costs of which are spread across the board.  Even were it required to expend sums for a catastrophic illness for either or both plaintiffs, as an owner of many hospitals, AMI is able to do everything that needs to be done at

a fraction of the expense it would charge a member of the public. Its facilities and doctors are in place, enabling it to provide healthcare to the McWilliams at a discount basis.

For the reasons set forth above, the motion of defendant AMI to stay the injunction is DENIED. An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this /st day of May 1997.

```
_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.
```